**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ANNTONIA MIRO,**

        **Plaintiff,**

**v.**                                                **Case No: 6:25-cv-571-PGB-DCI**

**THE SCHOOL BOARD OF
VOLUSIA COUNTY, FLORIDA,**

        **Defendant.**

_____/

# ORDER

This cause comes before the Court on Defendant The School Board of Volusia County, Florida's ("**Defendant**") Motion to Dismiss (Doc. 15 (the "**Motion**")), and Plaintiff Anntonia Miro's ("**Plaintiff**") response thereto. (Doc. 17). Upon consideration, the Motion is due to be granted in part and denied as moot in part, solely for the reasons stated herein.

## I.    BACKGROUND

Plaintiff initiated this action against Defendant on March 31, 2025. (Doc. 1). Then, on April 1, 2025, Plaintiff filed the Amended Complaint (Doc. 6 (the "**Amended Complaint**")). Therein, Plaintiff asserts two counts for Defendant's alleged violation of the Americans with Disabilities Act and the Rehabilitation Act of 1973, respectively. (*Id.*).

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Thus, to survive a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court must view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam). However, though a complaint need not contain detailed factual allegations, pleading mere legal conclusions, or "a formulaic recitation of the elements of a cause of action," is not enough to satisfy the plausibility standard. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 679; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In sum, the court must: reject conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; accept well-pled factual

2

allegations as true; and view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 678–79.

## III. DISCUSSION

Defendant contends that Plaintiff's Amended Complaint is a shotgun pleading, and the Court agrees. (Doc. 15, p. 14 n.2).

The Eleventh Circuit has "been roundly, repeatedly, and consistently condemning [shotgun pleadings] for years. . . ." *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 979 (11th Cir. 2008), *abrogated on other grounds by Ashcroft*, 556 U.S. 662. There are four acknowledged types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

Here, the Court finds that the Amended Complaint clearly falls within the first category of shotgun pleadings, "adopt[ing] the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *See id.* at 1321–23; (Doc. 6, ¶¶

3

38, 44). Simply put, a complaint is not a guessing game, and Defendant must have "adequate notice of the claims against [it] and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Consequently, repleader is necessary to cure the deficiencies specified herein.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant The School Board of Volusia County, Florida's Motion to Dismiss (Doc. 15) is **GRANTED IN PART AND DENIED AS MOOT IN PART**.

    a. The Amended Complaint (Doc. 6) is **DISMISSED WITHOUT PREJUDICE** as a shotgun pleading.

    b. The Motion to Dismiss (Doc. 15) is **DENIED AS MOOT** in all other respects.

2. On or before **September 2, 2025**, Plaintiff may file an amended complaint consistent with the directives of this Order and all applicable rules and law. Failure to timely file an amended complaint may result in the dismissal of this action without prejudice and without further notice.

**DONE AND ORDERED** in Orlando, Florida on August 22, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties